## Keppelman's Estate

*Philip F. Schmehl,* for petitioner.

*Charles W. Matten* and *Harry R. Matten,* for receiver.

MARX, P. J., August 8, 1935.—The answer of Harvey S. Adams, receiver of The Reading National Bank & Trust Company, trustee, respondent in the citation issued, challenges the jurisdiction of this court to require the account sought and to appoint a succeeding trustee, as prayed by the petitioner. Jurisdiction may well be considered and should be determined before hearing or determination of other elements.

It is undisputed that the petitioner became 21 years of age on March 17, 1934; that The Reading National Bank & Trust Company had been guardian of his estate during minority and, in that capacity, held assets decreed to it at the value of $51,928.28; that said guardian presented its account for audit on May 1, 1934, and there was thereafter decreed to the petitioner, as part of the estate found due him, the certificate of The Reading National Bank & Trust Company, to the use and in the name of the petitioner, entitling him to a fixed interest in the "Trust Fund Mortgage Pool" of The Reading National Bank & Trust Company; that on May 8, 1934, the petitioner, then of full age, by writing filed and attached to the record of the audit upon said account, ratified and approved the act of the guardian in said investment, agreed to accept the same and tendered his release.

It is understood and not disputed that The Reading National Bank & Trust Company, serving as fiduciary in

numerous estates, assembled funds for investment of such estates, invested them and other moneys in a pool or collection of mortgages and other investments, held by, standing in the name of and segregated to that purpose by The Reading National Bank & Trust Company and issued this and other certificates of participation against the same.

From this statement we find that The Reading National Bank & Trust Company held the assets in the so-called pool in trust for those having beneficial interests therein. As guardian of the estate of the petitioner it purchased an interest in the pool, accepting a trust under itself as trustee of the pool. After having become 21, the petitioner ratified the act of his guardian, became vested with a beneficial interest in the pool and, under adjudication of this court, was decreed a legal interest therein under the certificate held. The Reading National Bank & Trust Company, being in process of liquidation, is about to file its account of the pool, and the petitioner asks the appointment of a succeeding trustee, to examine the account when filed, participate in the audit thereon and receive distribution, in cash and in unconverted investments, as and when decreed, to the end that The Reading National Bank & Trust Company may, thereupon, be discharged from further liability under the trusteeship of the pool, and liquidation by a succeeding trustee may be prosecuted.

By the Orphans' Court Act of June 7, 1917, P. L. 363, sec. 9(*b*), the orphans' court is given jurisdiction in the "appointment of trustees for any persons interested in the real or personal estate of any decedent . . . and settlement of the accounts of trustees so appointed, and of testamentary trustees".

It is given like power of appointment of guardians of minors, by section 9(*a*), and of trustees for absent persons by section 9(*c*).

By Act of June 26, 1931, P. L. 1384, that court is given jurisdiction in "The control, removal, discharge, and set-

tlement of accounts of trustees of trusts inter vivos" and "The control, removal, discharge, and settlement of accounts of trustees of life insurance trusts", and is given right to "The exercise of all other powers needful to the doing of anything which is or may be hereafter required or permitted to be done in said court, whether incidental to the powers hereinbefore enumerated or in addition thereto."

It is settled that the jurisdiction of the orphans' court is limited to what is expressly given or necessarily implied. Under the statutes cited it is given the power of appointment in specific cases and the power of "control, removal, discharge and settlement of accounts" in, inter alia, trusts inter vivos. As to the latter, the power of appointment was omitted. Was it withheld or is it given by necessary implication? Do the facts of this case establish a trust inter vivos within the contemplation of the cited Act of 1931? As held in Reading National Bank and Trust Company's Account, 22 D. & C. 654, not all that go by the name "trusts inter vivos" are such within the intent of the Act of 1931. The jurisdiction of this court is limited rather to those which lie within the "special field of the orphans' court", and are adapted to the statutory and equitable control vested in that court. The trustee of the pool accepted trust funds from fiduciaries and undertook to administer and invest them as required by law, or undertook to constitute and maintain the pool so as to render it available for the lawful investment of trust funds. The trustee of the pool, furthermore, dealing with itself as fiduciary of a participating estate, became directly answerable to this court concerning the elements of the pool. It is inconceivable that, having, as fiduciary, under control of this court, invested in the pool maintained by itself for investors, it, as trustee of the pool, must seek accounting in another court. The nature, handling, accounting and liquidation of this pool of investment assets are so definitely identified with and related to the fiduciary estates, investors, under the juris-

diction of this court, that we are moved to the conclusion that this court has jurisdiction of the settlement of the account of the trustee of this pool of mortgages and investments.

The omission of the power of appointment does not negative the existence of that power. Necessarily, the appointment of a trustee of a trust inter vivos is concurrent with the establishment of the trust and is necessary to such establishment. It rests squarely with the settlor. An original appointment having been made, the statute does not expressly provide for filling a vacancy, through death, resignation or removal of the trustee appointed. It does, however, provide for the removal of one appointed and for the settlement of his account and his discharge. Necessary to the proper settlement of the account of a retiring trustee is a succeeding trustee. In him will vest the legal estate, the right and duty to secure the rights of the trust under the accounting and to bar the discharge of the retiring trustee before full accounting and delivery of assets. Equitable interests may participate, the custodian of the legal estate must appear of record at the audit of the account. Had the legislature intended that, before settlement of the account of a trustee under the jurisdiction of this court a succeeding trustee must be appointed by another court, it would likely have said so. It is more likely that the appointment of the succeeding trustee was considered incidental to the power to settle accounts and to discharge. Such being our conclusion, the objection to the jurisdiction of this court is overruled and the matter may be placed for further disposition.